# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RONALD OLIVIER                                    CIVIL ACTION

VERSUS                                            NO. 14-2773

N. BURL CAIN, WARDEN                              SECTION "G"(2)

## ORDER AND REASONS

Before the Court are the State's objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] On August 15, 2016, the Magistrate Judge recommended that the Court grant the petition.[3] The State objects to the Magistrate's recommendation.[4] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the State's objection, the record, and the applicable law, the Court will overrule the State's objections, adopt the Magistrate Judge's Report and Recommendation and grant the habeas petition.

## I. Background

### A.    *Factual Background*

On February 10, 1993, Petitioner, who was 16 years old at the time the crime was committed, was convicted of second degree murder under Louisiana law in Orleans Parish

---

[1] Rec. Doc. 38.

[2] Rec. Doc. 3.

[3] Rec. Doc. 37.

[4] Rec. Doc. 38.

Criminal District Court.[5] On April 12, 1993, the state trial court sentenced Petitioner to life imprisonment without benefit of parole, probation, or suspension of sentence.[6] Petitioner's conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal on November 17, 1994.[7]

On June 25, 2012, in *Miller v. Alabama*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[8] Thereafter, Petitioner filed a motion to correct his sentence in the state trial court, arguing that his sentence was unconstitutional under *Miller*.[9] The state trial court granted the motion, holding that *Miller* applied retroactively.[10] The Louisiana Fourth Circuit Court of Appeal denied the State's related writ application.[11] On June 20, 2014, the Louisiana Supreme Court granted the State's related writ application, and reversed the grant of Petitioner's motion to correct the sentence based on its ruling in *State v. Tate* that *Miller* did not retroactively apply on collateral review.[12]

At a November 25, 2013 hearing, the state trial court formally denied Petitioner's motion to correct the sentence pursuant to the Louisiana Supreme Court's decision.[13] The Louisiana

---

[5] State Rec., Vol. IV of X, Trial Minutes, Feb. 10, 1993.

[6] State Rec., Vol. IV of X, Sentencing, Apr. 12, 1993.

[7] *State v. Olivier*, 646 So. 2d 1262 (La. App. 4 Cir. 1994); State Rec., Vol. IV of X.

[8] 132 S. Ct. 2455, 2460 (2012).

[9] State Rec., Vol. II of X, Motion to Correct Illegal Sentence, Feb. 27, 2013.

[10] State Rec., Vol. X of X, Hearing Transcript, Jul. 18, 2013.

[11] State Rec., Vol. I of X, Fourth Circuit Order, May 17, 2013.

[12] *State v. Olivier*, 2013-KK-1110 (La. 6/20/14); 141 So. 3d 266 (citing 130 So.2d 829 (La. 2013)).

[13] State Rec., Vol. I of X, Trial Court Judgment, Nov. 25, 2013.

Fourth Circuit converted Petitioner's appeal to a writ application and denied the writ application

based on the Louisiana Supreme Court's decision in *State v. Tate*.[14] Petitioner did not seek review

of this ruling to the Louisiana Supreme Court.

On January 2, 2015, Petitioner filed his federal petition.[15] Petitioner filed an unopposed

motion to stay the proceedings pending the United States Supreme Court's decision in

*Montgomery v. Louisiana*.[16] The Magistrate Judge granted the motion, and the case was stayed.[17]

On January 25, 2016, the United States Supreme Court decided *Montgomery v. Louisiana*, holding

that *Miller* applies retroactively to cases on collateral review.[18] On January 29, 2016, the

Magistrate Judge reopened the case.[19]

**B.    *Report and Recommendation Findings***

On August 15, 2016, the Magistrate Judge recommended that this Court grant the

petition.[20] The Magistrate rejected the State's argument that the petition should be denied as

unexhausted because Louisiana courts have not had an opportunity to consider Petitioner's claims

in light of *Montgomery v. Louisiana*.[21] The Magistrate noted that Petitioner "did not completely

exhaust his claim through the Louisiana Supreme Court following denial of his motion to correct

---

[14] *State v. Olivier*, 14-355 (La. App. 4 Cir. 9/3/14); 150 So. 3d 41.

[15] Rec. Doc. 3.

[16] Rec. Doc. 20.

[17] Rec. Doc. 26.

[18] 136 S. Ct. 718, 732 (2016).

[19] Rec. Doc. 28.

[20] Rec. Doc. 37.

[21] *Id.* at 8–11.

his sentence and the related writ application in the Louisiana Fourth Circuit."[22] However, the Magistrate also noted that the Louisiana Supreme Court's erroneous view regarding the retroactivity of *Miller* had already been made clear when it granted the State's writ application reversing the lower court's grant of Petitioner's motion to correct.[23]

Moreover, the Magistrate Judge found that although the State had indicated its intent to file a motion for the state trial court to reconsider Petitioner's sentence, there was no indication that such a motion was ever filed.[24] A review of the state trial court record revealed that Petitioner had filed a pro se motion to reconsider his sentence on April 4, 2016, which the trial court stayed on April 28, 2016, pending passage of state legislation in response to *Montgomery*.[25] However, although the legislative effort failed months ago, the state court's records did not reflect any effort to move Petitioner's case forward.[26] Therefore, because Petitioner undoubtedly is entitled to relief under *Miller* and *Montgomery* and because the available state processes demonstrated themselves ineffective in expeditiously protecting Petitioner's clearly established rights, the Magistrate Judge recommended that this Court grant the habeas petition without requiring that Petitioner fully exhaust his state court remedies.[27] Accordingly, the Magistrate recommended that the sentence be

---

[22] *Id.* at 11.

[23] *Id.*

[24] *Id.* at 13.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 11–14 (citing 28 U.S.C. § 2254(b)(1)(B)(ii); *Taylor v. Stephens*, 577 F. App'x 285, 286 (5th Cir. 2014).

vacated and that the state trial court be ordered to resentence Petitioner in conformity with *Miller* within 90 days or, in the alternative, release him from confinement.[28]

## II. Objections

The State objects to the Magistrate Judge's Report and Recommendation.[29] The State admits that Petitioner is entitled to a new sentencing hearing.[30] However, it submits that the state trial court has set a resentencing hearing for September 16, 2016.[31] The State asserts that, while it has struggled to cope with the large influx of retroactive *Miller* claims, it has not been idle, and the Orleans Public Defenders have been appointed to represent Petitioner.[32]

The State argues that, in determining whether delay in addressing a petitioner's claims violates due process, the Court should look to the four factors provided by the Supreme Court in *Barker v. Wingo*: (1) the length of the delay, (2) the reasons for the delay, (3) the petitioner's assertion of his right, and (4) the prejudice to the petitioner on account of the delay.[33] The State asserts that it is questionable whether a delay of eight months, the amount of time that has now passed since *Montgomery* was decided, can be considered presumptively prejudicial.[34] The State contends that there have been a number of legitimate reasons for delay, including the failed

---

[28] *Id.* at 15.

[29] Rec. Doc. 38.

[30] *Id.* at 2.

[31] *Id.* (citing Rec. Doc. 38-1).

[32] *Id.* at 4.

[33] *Id.* at 6 (citing 407 U.S. 514, 530 (1972)).

[34] *Id.*

legislation.[35] Further, the State argues that Petitioner is not prejudiced by the delay because he has served approximately 25 years in prison, and would not be parole eligible under Louisiana law before serving 35 years of his sentence.[36] Accordingly, the State asserts that this is not a rare case of peculiar urgency in which review of Petitioner's claim has been delayed inordinately and unjustifiably, and therefore the Court should stay the case or dismiss the petition without prejudice.[37]

On September 19, 2016, the State filed a notice into the record, stating that Petitioner had retained counsel to represent him in state court.[38] Therefore, the resentencing hearing was continued to October 7, 2016.[39]

### III. Standard of Review

*A.*    *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[40] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[35] *Id.*

[36] *Id.* at 7.

[37] *Id.* at 8.

[38] Rec. Doc. 39 at 1.

[39] *Id.*

[40] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

to."[41] A district court's review is limited to plain error for parts of the report which are not properly objected to.[42]

## B.    Standard of Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant writs of habeas corpus in cases where a state court has adjudicated the petitioner's claim on the merits.[43]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court." The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[44] A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal habeas court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[45]

---

[41] Fed. R. Civ. P. 72(b)(3).

[42] See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[43] See Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

[44] See Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams v. Taylor, 529 U.S. 362, 403–04 (2000)).

[45] Id.

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[46]

## IV. Law and Analysis

On June 25, 2012, in *Miller v. Alabama*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[47] Thereafter, Petitioner filed a motion to correct his sentence in the state trial court, arguing that his sentence was unconstitutional under *Miller*.[48] The state trial court granted the motion, holding that *Miller* applied retroactively.[49] The Louisiana Fourth Circuit Court of Appeal denied the State's related writ application.[50] On June 20, 2014, the Louisiana Supreme Court granted the State's related writ application, and reversed the grant of Petitioner's motion to correct the sentence based on its ruling in *State v. Tate* that *Miller* did not retroactively apply on collateral review.[51] At a November 25, 2013 hearing, the state trial court formally denied Petitioner's motion to correct the sentence pursuant to the Louisiana Supreme Court's decision.[52] The Louisiana Fourth Circuit converted Petitioner's appeal to a writ application and denied the writ application based on the Louisiana

---

[46] 28 U.S.C. § 2254(d)(2*); see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[47] 132 S. Ct. 2455, 2460 (2012).

[48] State Rec., Vol. II of X, Motion to Correct Illegal Sentence, Feb. 27, 2013.

[49] State Rec., Vol. X of X, Hearing Transcript, Jul. 18, 2013.

[50] State Rec., Vol. I of X, Fourth Circuit Order, May 17, 2013.

[51] *State v. Olivier*, 2013-KK-1110 (La. 6/20/14); 141 So. 3d 266 (citing 130 So.2d 829 (La. 2013)).

[52] State Rec., Vol. I of X, Trial Court Judgment, Nov. 25, 2013.

Supreme Court *Tate* decision.[53] Petitioner did not seek review of this ruling to the Louisiana Supreme Court. Following the Louisiana Fourth Circuit's decision in this case, the United States Supreme Court decided *Montgomery v. Louisiana*, holding that *Miller* applies retroactively to cases on collateral review.[54]

 "A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[55] The Fifth Circuit has recognized that "habeas corpus jurisprudence consistently underscores the central importance of comity, of cooperation and of rapport between the parallel systems of state and federal courts."[56] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—i.e., the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[57]

Here, the record indicates that Petitioner did not fully exhaust his claim in state court because he did not file a writ application with the Louisiana Supreme Court following denial of his motion to correct his sentence and the related writ application in the Louisiana Fourth Circuit. Therefore, Petitioner did not fully exhaust his state court remedies. However, the Louisiana Supreme Court's erroneous view regarding the retroactivity of *Miller* had already been made clear when it granted of the State's writ application reversing the lower court's order granting

---

[53] *State v. Olivier*, 14-355 (La. App. 4 Cir. 9/3/14); 150 So. 3d 41.

[54] 136 S. Ct. 718, 732 (2016).

[55] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

[56] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[57] *Id.*

Petitioner's motion to correct.

Pursuant to 28 U.S.C. § 2254(b)(1)(B), an unexhausted claim should not be granted unless it appears that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." In *Taylor v. Stephens*, the Fifth Circuit recognized that "[e]xhaustion may only be bypassed in rare cases where exceptional circumstances of peculiar urgency mandate federal court interference," such as when "the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights."[58] The Fifth Circuit has emphasized that courts "are to excuse noncompliance with the exhaustion doctrine only if the inordinate delay is wholly and completely the fault of the state."[59] In determining whether a delay violates due process, the Court looks to the factors set forth by the Supreme Court in *Barker v. Wingo*: "the length of the delay, the reasons for the delay, the defendant's assertion of his right, and the prejudice to the defendant occasioned by the delay."[60]

Looking to the first *Barker* factor, *Montgomery* was decided by the Supreme Court eight months ago. As for the second factor, the state trial court stayed Petitioner's motion for reconsideration of his sentence pending passage of state legislation in response to *Montgomery*. However, this legislation ultimately failed in the state legislature.[61] Therefore, although the most recent request to continue the resentencing hearing from September 16, 2016 to October 7, 2016

---

[58] 577 F. App'x 285, 286 (5th Cir. 2014).

[59] *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

[60] *Johnson v. Roberts*, 95 F.3d 48, 1996 WL 405773, at *2 (5th Cir. 1996) (citing 407 U.S. 514, 530 (1972)).

[61] HB 264, HB 554, SB 127, and SB 278 are available on the Legislature's website, and may be accessed using the "Bill Search" function for the 2016 Regular Session at http://www.legis.la.gov/Legis/BillSearch.aspx?sid=16RS.

was jointly filed by the parties because Petitioner had retained new counsel to represent him in state court,[62] the prior delays since *Montgomery* was decided by the Supreme Court in January 2016 appear to have been wholly caused by the fault of the State.[63]

Turning to the third factor, Petitioner has been diligently pursuing his rights since the Supreme Court decided *Miller* in 2012. As for the fourth factor, the State argues that Petitioner is not prejudiced by the delay because he has only served approximately 25 years in prison, and would not be parole eligible under Louisiana law before serving 35 years of his sentence. The Court finds this argument unavailing because Petitioner is currently serving an unconstitutional sentence, and the State would be required to release him from confinement if the error remains uncorrected. Moreover, granting Petitioner's habeas petition does not deprive the state court of its right to determine the relief to which Petitioner is entitled. Accordingly, the Court overrules the State's objection and grants Petitioner's application for habeas corpus relief.

## V. Conclusion

For the reasons stated above, the Court finds that Petitioner is entitled to relief from his unconstitutional sentence. Accordingly,

**IT IS HEREBY ORDERED** that the State's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation;

---

[62] Rec. Doc. 39 at 1. Although there is a hearing scheduled for October 7, 2016, the resentencing hearing has been continued several times. Moreover, the state court would not be required to rule from the bench, and additional delays could result.

[63] *See Deters*, 985 F.2d at 796.

11

**IT IS FURTHER ORDERED** that Petitioner Ronald Olivier's application for habeas corpus relief is **GRANTED**, that his sentence of life imprisonment without benefit of probation, parole or suspension of sentence is **VACATED**, and that the state trial court is **ORDERED** to resentence Petitioner in conformity with *Miller v. Alabama*, 132 S.Ct. 2455 (2012), within ninety (90) days or, in the alternative, to release him from confinement.

**NEW ORLEANS, LOUISIANA,** this 3rd day of October, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**